UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11144-GAO

STEPHEN D. KNOX and JEAN KNOX,
Plaintiffs,

v.

METALFORMING, INC. and SCHECHTL MACHINENBAU GMBH,
Defendants.

OPINION AND ORDER
April 21, 2020

O'TOOLE, S.D.J.

The plaintiff, Stephen D. Knox, severely injured his hand when his foot inadvertently activated a switch on an allegedly defective metal folding machine that was designed and manufactured by the defendant Schechtl Machinenbau GmbH ("Schechtl") and distributed by MetalForming, Inc. ("MetalForming"). Mr. Knox and his wife assert claims against both defendants for negligence, breach of warranty, loss of consortium, and violation of Massachusetts General Laws Chapter 93A. MetalForming asserts crossclaims against Schechtl for contractual and common law indemnification, contribution, and breach of contract. Pending before this Court is Schechtl's motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure[1] to dismiss MetalForming's crossclaims against it pursuant to a forum selection and choice of law clause contained within the parties' distribution agreement. MetalForming opposes Schechtl's motion.

---

[1] A Rule 12(c) motion for judgment on the pleadings is treated similarly to a Rule 12(b)(6) motion to dismiss. See Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008)). According to the First Circuit, "the use of Rule 12(b)(6) to evaluate forum selection clauses is still permissible." Claudio-De Leon v. Sistema Universitario Ana G. Mendez, 775 F.3d 41, 46 n.3 (1st Cir. 2014).

In 1998, MetalForming undertook to distribute Schechtl machines in North America pursuant to a written exclusive distribution agreement, which contained the following provision:

> The Laws of the Federal Republic of Germany shall have exclusive application to this Agreement. The court of jurisdiction for all disputes which may arise in connection with this Agreement shall be Traunstein/Germany.

(Mem. of Law in Support of Schechtl's Mot. J. Pleadings, Ex. A at 8 (dkt. no. 73-1).)

"[T]he threshold question in interpreting a forum selection clause is whether the clause at issue is permissive or mandatory." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 17 (1st Cir. 2009). The forum selection clause here is mandatory. See Claudio-De Leon v. Sistema Universitario Ana G. Mendez, 775 F.3d 41, 46 (1st Cir. 2014) ("[I]t is axiomatic that the word 'shall' has a mandatory connotation."). However, MetalForming contends that the forum selection clause is not broad enough to reach MetalForming's common law and contract-based crossclaims.

"[T]he language of the forum selection clause . . . determines which claims fall within its scope." Id. at 47. Here, the clause provides that "*all* disputes which may arise *in connection with* this Agreement shall be Traunstein/Germany." (Mem. of Law in Support of Schechtl's Mot. J. Pleadings, Ex. A at 8.) (emphasis added). Courts have described the phrase "in connection with" as synonymous with phrases like "relating to," "with reference to," and "associated with," and "they have held such phrases to be broader in scope than the term 'arising out of,' to be broader than the concept of a causal connection, and to mean simply 'connected by reason of an established or discoverable relation.'" Huffington v. T.C. Grp., LLC, 637 F.3d 18, 22 (1st Cir. 2011) (citing Coregis Ins. Co. v. Am. Health Found., Inc., 241 F.3d 123, 128–29 (2d Cir. 2001) (Sotomayor, J.) (collecting authorities)). The Agreement governed MetalForming's distribution of Schechtl's machinery, including the metal bending machine involved in Mr. Knox's injury. Accordingly,

MetalForming's crossclaims easily fall within the scope of the forum selection clause because they arise "in connection with" the Agreement.

Where the clause is mandatory and on its face covers the claims alleged, the final question is whether there is a reason that the presumption of enforceability should not apply.[2] Claudio-De Leon, 775 F.3d at 48–49. A forum selection clause is enforceable absent a strong showing by the party opposing enforcement that it should be set aside. Carter's of New Bedford, Inc. v. Nike, Inc., 790 F.3d 289, 292 (1st Cir. 2015); M/S Bremen v. Zapata Off–Shore Co., 407 U.S. 1, 15 (1972).

> A strong showing can exist where: (1) the clause is the product of fraud or overreaching; (2) enforcement is unreasonable and unjust; (3) its enforcement would render the proceedings gravely difficult and inconvenient to the point of practical impossibility; or (4) enforcement contravenes "a strong public policy of the forum in which suit is brought, whether declared by statute or judicial decision." Huffington, 637 F.3d at 23 (internal quotation marks omitted).

Carter's of New Bedford, 790 F.3d at 292. MetalForming argues that it would be unreasonable and unjust for this Court to enforce the forum selection clause because to do so would allow Schechtl to litigate the same incident in two different courts, raising the possibility of inconsistent judgments. MetalForming's concerns regarding duplicitous litigation are unwarranted with respect to Schechtl's claims for breach of contract and common law and contractual indemnification because these claims are ancillary to the plaintiffs' primary liability claims. The contribution claim is distinct, however, because it will be effectively resolved by the jury verdict in the main action.

---

[2] Although this is a diversity suit, we can "sidestep the Erie question, Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), of whether to treat the issue of a forum selection clause's enforceability as 'procedural' (and so look to federal law for a test) or as 'substantive' (and instead look to state law). . . because, in determining enforceability. . . Massachusetts follow[s] the federal common-law standard described by the Supreme Court in The Bremen v. Zapata Off–Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)." Huffington v. T.C. Grp., LLC, 637 F.3d 18, 23 (1st Cir. 2011); see also Jacobson v. Mailboxes Etc. U.S.A., Inc., 646 N.E.2d 741, 743 (Mass. 1995) ("We accept the modern view that forum selection clauses are to be enforced if it is fair and reasonable to do so.").

The jury will determine not only whether Schechtl is directly liable to the plaintiffs, but also, if so, the amount of Schechtl's liability as either a joint or sole tortfeasor.

Consider the possible outcomes of the plaintiff's tort claims: (1) Schechtl is liable in tort to the Knoxes, but Metalforming is not. Metalforming has no tort liability to the plaintiffs and hence no contribution claim against Schechtl. (2) Metalforming is liable in tort to the Knoxes, but Schechtl is not. Schechtl is not a joint tortfeasor with Metalforming, and Metalforming has no contribution claim against Schechtl. (3) Neither Schechtl nor Metalforming is liable in tort to the Knoxes. No issue of joint tortfeasor liability, and hence of contribution, arises. (4) Both Schechtl and Metalforming are liable in tort to the Knoxes. Each is a joint tortfeasor with respect to the other, and as such, each would be entitled to enforce contribution of half the total judgment.

In the last circumstance, the questions of (a) the obligation to contribute and (b) the amount of contribution required would have effectively been settled by the verdict on the plaintiffs' claims.[3] The only issue as to which German law could apply as a practical matter would be whether the German court would give effect to the litigation outcome that conformed to Massachusetts law. While the parties have not cited any German legal authorities on the point, it is this Court's surmise that it would be highly unlikely that the German court would disregard and deny effect to an outcome litigated and settled under Massachusetts law.

In contrast, MetalForming's contract-based claims for indemnification are substantively unrelated to the plaintiffs' tort claims against the defendants. They arise (or not) under the parties'

---

[3] Similarly, any claim by Metalforming to be entitled to common law indemnification from Schechtl because Metalforming was a "lesser tortfeasor" would be foreclosed by the jury verdict finding independent liability on MetalForming's part. See Fraco Products, Ltd. v. Bostonian Masonry Corp., 995 N.E.2d 1125, 1131–32 (Mass. App. Ct. 2013) (citing, inter alia, Rathburn v. Western Mass. Elec. Co., 479 N.E.2d 1383 (1985) and Decker v. Black & Decker Mfg. Co., 449 N.E. 2d 641 (1983)).

express or implied contractual agreement, and they are determinable separately from the merits of the plaintiffs' primary claims. There is no reason not to enforce the broad forum selection and choice of law provisions of the parties' distribution agreement with respect to the claims for indemnification and breach of contract.

For the foregoing reasons, Schechtl's Motion for Judgment on the Pleadings (dkt. no. 72) is GRANTED in part and DENIED in part. The motion is granted with respect to MetalForming's claims against Schechtl for contractual and common law indemnification and breach of contract, but is denied with respect to its claim for contribution from a joint tortfeasor.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
Senior United States District Judge